# KIRKLAND & ELLIS LLP

Matthew S. Owen, P.C.
To Call Writer Directly:
+1 202 389 5943
matt.owen@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

November 25, 2025

Nwamaka C. Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Submitted Electronically via CM/ECF

  Re: **No 25-1054:** *AbbVie, et al. v. John McCuskey, et al.*

Dear Ms. Anowi:

  The opinion in *AbbVie Inc. v. Weiser* concluded Colorado may create its own enforcement scheme to directly regulate a federal program. The district court below avoided that error, and this Court should too.

  *Weiser* concluded the 340B ADR scheme covers matters related to pricing, whereas Colorado's 340B law covers only distribution, making enforcement of the latter no obstacle to enforcement of the former. *See* Op. at 22–23. But the sole distinguishing characteristic of a "340B drug" is its price. So laws like S.B. 325 require manufacturers to deliver drugs to contract pharmacies at the 340B discount when those drugs would otherwise be delivered at full price or not delivered at all. *AbbVie Inc. v. Drummond*, 2025 WL 3048929, at *5 (W.D. Okla. Oct. 31, 2025). This invades manufacturers' statutory right to include reasonable conditions with their 340B offers, *see Novartis Pharms. Corp. v. Johnson*, 102 F.4th 452, 460 (D.C. Cir. 2024), and the province of HRSA's 340B ADR Panels. HHS itself characterizes the 340B Program as "related to drug pricing and drug distribution." 89 Fed. Reg. 28,643, 28,644 (Apr. 19, 2024). Both the agency and covered entity groups have agreed that contract-pharmacy limitations fall within the scope of federal ADR. *See id.* at 28,649 ("HHS agrees [with covered entity groups] that an overcharge claim generally includes claims that a manufacturer has limited the covered entity's ability to purchase covered outpatient drugs at or below the 340B ceiling price.").

  *Weiser* also predicted that Colorado's claims-data prohibition would not obstruct the 340B Rebate Model Pilot Program, an initiative for which AbbVie has been approved and under which AbbVie will collect claims data from covered entities and contract pharmacies. ECF 123 at 1; *see also* Op. at 24–25; W. Va. Code § 60A-8-6a(b)(2). But such a narrow exception does

not eliminate every obstacle that claims-data prohibitions erect. Manufacturers need claims data to seek audits and access the federal ADR process—issues that survive the Attorney General's apparent concession that he cannot enforce S.B. 325 against manufacturers that collect claims data for the Rebate Model Pilot Program. ECF 122 at 2.

Respectfully submitted,

*/s/ Matthew S. Owen, P.C.*

| | |
|---|---|
| Steven R. Ruby<br>Carey Douglas Kessler & Ruby PLLC<br>707 Virginia Street<br>901 Chase Tower<br>Charleston, WV 25301<br>(304) 345-1234<br>sruby@cdrklaw.com | Matthew S. Owen, P.C.<br>Meredith M. Pohl<br>Lucas H. Funk<br>Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue N.W.<br>Washington, D.C. 20004<br>(202) 389-5000<br>matt.owen@kirkland.com<br>meredith.pohl@kirkland.com<br>lucas.funk@kirkland.com |

*Counsel for Plaintiffs – Appellees AbbVie, Inc.; Allergan, Inc.; Durata Therapeutics, Inc.; AbbVie Products LLC; Aptalis Pharma US, Inc.; Pharmacyclics LLC; Allergan Sales, LLC*